Herman NOLAND, Plaintiff,

v.

**LORAIN BOARD OF EDUCATION,
Defendant.**

No. 1:91CV1269.

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 1, 1994.

James L. Hardiman, Sr., Hardiman, Alexander, Buchanan & Howland, Cleveland, OH, for plaintiff Herman Noland.

Michael J. Loughman, David K. Smith, Dennis M. O'Toole, Warhola, O'Toole, Loughman, Alderman & Stumphauzer, Lorain, OH, for defendant Lorain Bd. of Educ.

## ORDER

OLIVER, District Judge.

This court adopts the Report and Recommendation of Magistrate Judge Bartunek issued in the above-captioned case on June 14, 1994, granting defendants motion for summary judgment. Although plaintiff filed objections to the Magistrate's Report and Recommendation, the court does not find these objections persuasive.

Plaintiff filed this discrimination action against defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. In his complaint, plaintiff; an African–American elementary school principal, asserted that he was suspended without pay after admitting to stealing school funds, while non-African-Americans charged with equally serious offenses were suspended with pay. The requirements for establishing a prima facie case of an alleged disparate suspension will differ somewhat from the requirements for a prima facie case alleging disparate discharge. *Gafford v. General Electric Co,* 997 F.2d 150, 169 (6th Cir.1993) (determination of the elements of a prima facie case will vary depending on the context).

■ Thus, satisfaction of the following requirements will establish a prima facie case of disparate suspension: (1) membership in a protected class, (2) a suspension, and (3) a showing that similarly situated nonclass employees were treated differently for the same or similar conduct. As in the case of establishing a prima facie case for discriminatory discharge, the last requirement is the most difficult to satisfy. Nonetheless, the burden of satisfying the last requirement cannot be onerous. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981) (plaintiff's burden of establishing a prima facie case of disparate treatment cannot be onerous).

■ The requirement that plaintiff show that similarly situated nonclass employees were treated differently for the same or similar conduct has two parts: The plaintiff must first show that he was similarly situated with other, unprotected employees. Second, the plaintiff must show that the conduct resulting in the same employment action was the same or substantially similar.

■ The first question, then, is which employees were similarly situated with Noland. In *Mitchell v. Toledo Hospital Corp.*, 964 F.2d 577 (6th Cir.1991), the Sixth Circuit held that plaintiffs must show that employees with whom they seek to compare themselves, i.e. "potentially comparable employees," were "similarly situated *in all respects.*" Id. at 583 (emphasis in the original). "Similarly situated in all respects" means that the plaintiff and the potentially comparable employees must have dealt with the same supervisor and must have been subject to the same standards governing performance and discipline. *See Mazzella v. RCA Global Communications*, 642 F.Supp. 1531, 1547 (S.D.N.Y. 1986), *aff'd*, 814 F.2d 653 (2d Cir.1987) (cited with approval in *Mitchell*, 964 F.2d at 583). The requirement that the plaintiff and the potentially comparable employees must' have dealt with the same supervisor is relatively clear. The other requirement is, to a great extent, a function of their respective duties and responsibilities. Thus, if the plaintiff can demonstrate that he and potentially comparable employees had sufficiently similar duties and responsibilities, they will be considered to be subject to the same standards of performance and discipline. *Cf. Mitchell*, 964 F.2d at 583 n. 5.

To make out a prima facie case, the plaintiff must also establish that similarly situated employees engaged in conduct that was comparably serious to plaintiff's conduct. However, in making a showing of comparable seriousness, the plaintiff does not have to show "precise equivalence in culpability." *See Stotts v. Memphis Fire Dept.*, 858 F.2d 289, 296 (6th Cir.1988).

■ On the issue of whether Noland established a prima facie case, the Magistrate found that Noland had not established that he was treated differently than similarly situated non-African Americans. *See* Magistrate Report and Recommendation, at 4. The Magistrate suggests that Noland had to show that he was similarly situated to white principals who had been suspended with pay for stealing school funds. *Id.* at 5. However, *Mitchell* does not require such a strong showing on the part of plaintiffs attempting to make a prima facie case. *Mitchell* does not require that the class of similarly situated employees must include only employees that have identical employment positions. *See Id.* at 583 n. 5. Accountants do not have to be compared only to other accountants; principals to other principals, etc. It is enough for the plaintiff to show that other employees had substantially similar duties and responsibilities, reported to the same supervisor or supervisors, and engaged in comparably serious conduct.

■ The Magistrate rejected Noland's attempt to compare his treatment to that of teachers in the Lorain system. Noland argues that principals fall under the definition of "teacher" under ' Ohio Rev.Code § 3319.09(A) and that both are governed by the same termination and suspension procedures. *See* Plaintiff's Objections to Magistrate's Report and Recommendation Part II. He has submitted evidence that certain teachers were suspended with pay for conduct arguably as serious as his theft of school funds. *See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, at 4–6. Therefore, Noland argues, he is similarly situated with teachers who where suspended with pay for comparably serious conduct.

Noland's argument that principals fall under the definition of "teacher" in the Ohio Rev.Code section dealing with suspension and termination only shows that principals and teachers are afforded the same disciplinary safeguards. Noland has not established that principals and teachers have substantially similar duties and responsibilities. As the Magistrate put it, "A principal holds a position in a leadership capacity. Any attempt to consider this position equal to that of a teacher is unwarranted." Magistrate's Report and Recommendation, at 5.

■ However, Noland has compared his treatment to that of the Treasurer of the Lorain school system, who was permitted to continue working after she had been charged with theft, and a principal, who was reassigned rather than suspended without pay after having been accused of sexual harassment. *See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, at 5. Obviously, Noland can compare himself to other principals. Moreover, whereas it is arguable that a principal holds a higher position of responsibility and trust than a teacher, it is less reasonable to reach the same conclusion when comparing a principal to the treasurer of a school system. Therefore, Noland is similarly situated with the treasurer of the Lorain school system.

Not only must the respective roles of the plaintiff and other employees be such that they are similarly situated, their respective conduct must be of comparable seriousness. Sexual harassment is comparably serious to the theft of school funds, and the treasurer's alleged conduct is the same as Noland's. Thus, Noland has identified similarly situated employees who engaged in comparably serious conduct. Therefore, Noland has established a prima facie case of disparate treatment.

However, the making of a prima facie does not necessarily preclude the Court from granting summary judgment in favor of the defendant. *Gagne v. Northwestern Nat. Ins. Co.*, 881 F.2d 309, 314 (6th Cir.1989). If the plaintiff makes a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reasons" for its action. *Burdine*, 450 U.S. at 254–55, 101 S.Ct. at 1094–95. Here, the Board of Education gave a legitimate, nondiscriminatory reason for suspending Noland without pay: He confessed to stealing student activity funds. *See* Defendant's Reply to Plaintiff's Objections to Magistrate's Report and Recommendation, at 2; *see also* Plaintiff's Objections to Magistrate's Report and Recommendation Ex. A. Therefore, the defendant has met its burden of production. At this point, *McDonnell Douglas's* framework shifting the burden of production from the plaintiff to the defendant becomes irrelevant, and the only burden left is the burden of persuasion on the plaintiff to show discriminatory treatment, which he can demonstrate by showing that the defendant's reason is a pretext. *St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——––——, 113 S.Ct. 2742, 2747–48, 125 L.Ed.2d 407 (1993) (explaining the framework for such cases established in *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

■ Noland can show that the Board of Education's reason is a pretext by showing (1) that the stated reason had no basis in fact, (2) that the stated reason was not the actual reason, or (3) that the stated reason was insufficient to explain his suspension without pay. *See Barnhart v. Pickrel, Schaeffer & Ebeling Co. L.P.A.,* 12 F.3d 1382, 1390 (6th Cir.1993) (ways of establishing pretext in employment discharge cases alleging discrimination).

■ Noland can rely on the same evidence that he used to establish his prima facie case to establish pretext in one of the three ways under *Barnhart. See Burdine,* 450 U.S. at 255 n. 10, 101 S.Ct. at 1095 n. 10. The evidence again is that the treasurer of schools was not suspended without pay after being charged with theft and that another Lorain principal was not suspended without pay after being accused of sexual harassment. Neither example rebuts defendant's claim, supported by the evidence, that the only reason Noland was suspended without pay was that he admitted to the theft.

If Noland produced evidence that the treasurer or the other principal were not disciplined as harshly *after* they either had admitted guilt or had been convicted of the alleged offenses, Noland would have overcome summary judgment. In the absence of such evidence, summary judgment is appropriate. Consequently, the court adopts the Magistrate's Report and Recommendation granting defendant's motion for summary judgment. Accordingly, this case is hereby dismissed.

**IT IS SO ORDERED.**